UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TRIBAL CHIEFESS GREAT NATURE,

Plaintiff,

v.

EWING BROS., INC.,

Defendant.

Case No. 2:20-CV-02064-JAD-EJY

**REPORT AND RECOMMENDATION**

**Re: ECF No. 17**

Before the Court is pro se Plaintiff Tribal Chiefess Great Nature's Motion for Leave to Amend her Complaint. ECF No. 17. The Court has considered the Motion, Defendant Ewing Bros., Inc.'s Response (ECF No. 18), Plaintiff's Reply (ECF No. 22), and Plaintiff's separately filed Affidavit (ECF No. 24). The Court finds as follows.

I.    **BACKGROUND**

Plaintiff originally filed this lawsuit as an in rem action to recover property—a truck—that she claims belongs to her tribal government and was seized by the Las Vegas Metropolitan Police Department ("LVMPD"), and towed and stored by Ewing Bros. Towing. ECF No. 4. After the vehicle was sold at auction because the owner of the truck failed to pay required towing and storage fees, Plaintiff converted this action into a civil one to compensate her tribe for the property loss. ECF No. 17-1 at 7. Plaintiff initially named Ewing Bros. as the only defendant. ECF No. 11.

On April 19, 2021, Ewing Bros. filed a Motion to Dismiss Plaintiff's Complaint, contending that (1) Plaintiff does not have standing to bring this action on behalf of any tribe, trust, or other individual; (2) her claims against Ewing Bros. fail as a matter of law; and (3) Plaintiff failed to name an indispensable party—the LVMPD—to this lawsuit. ECF No. 14. In response, Plaintiff filed a Motion for Leave to Amend her Complaint. ECF No. 17. Her proposed Amended Complaint (ECF No. 17-1) seeks to add the LVMPD, the City of Las Vegas, the State of Nevada, and various LVMPD officers as defendants. She also adds facts intended to demonstrate her standing to litigate this case. *Id.*

In her proposed Amended Complaint, Plaintiff alleges that, on November 5, 2020, LVMPD officers seized a "tribal private truck" from a private parking lot, without a warrant. ECF No. 17-1 at 1. The driver of the vehicle (who was not Plaintiff) was arrested, also without a warrant. *Id*. The truck is registered to an individual other than Plaintiff[1] or "TNU Ministries Trust," which Plaintiff identifies as the "tribal government" to which she belongs. ECF No. 1 at 5.[2] Plaintiff claims she was "appointed" by the tribe and the driver of the vehicle to recover the private property and seek just compensation for the damages caused by the seizure. ECF No. 17-1 at 2; ECF No. 24. She seeks one million dollars in damages from each defendant. ECF No. 17-1 at 7.

## II.    DISCUSSION

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. In relevant part, Rule 15(a)(1) allows a party to "amend its pleading once as a matter of course . . . 21 days after serving it." If Rule 15(a)(1) does not apply, the party seeking to amend must obtain the opposing party's written consent or the Court's leave to file the amended pleading. Fed. R. Civ. P. 15(a)(2). A motion for leave to amend brought pursuant to Rule 15(a)(2) should be granted freely "when justice so requires." When a party seeks court permission to file an amended pleading, the decision whether to grant leave "lies within the sound discretion of" the court. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185–86 (9th Cir. 1987) (internal citation omitted). The amendment standard is "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

When considering whether to grant or deny a motion seeking leave to amend a pleading, the Court considers whether there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence*

---

[1]    The name of the individual is redacted on Plaintiff's attachment, but Plaintiff indicates throughout the pleadings that she is not the registered owner of the truck. *See* ECF No. 17-1 at 2; ECF No. 24 at 1 (identifying the driver as "Ronald Clifton Stovall" and stating that the driver told Plaintiff that the truck had been seized).

[2]    While attached only to her original Complaint, Plaintiff refers to this registration document in her proposed Amended Complaint. *See* ECF No. 17-1 at 2.

*Capital*, 316 F.3d at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Here, Defendant contends that leave to amend would be futile.

A motion for leave to amend may be denied if the newly asserted claims appear futile or legally insufficient.  *Saul v. United States*, 928, F.2d 829, 843 (9th Cir. 1991).  "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  To determine futility, the Court applies the same standard used on a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  *Id.*

### A.    Plaintiff's LVMPD amendments would be futile.

Plaintiff seeks to add LVMPD officers Scott Nielson, Kenneth Michael Mead, and Donald Graham, as well as the LVMPD itself, the City of Las Vegas, and the State of Nevada, to this lawsuit. While Plaintiff formally alleges only a "wrongful conversion of property" claim against these potential defendants, she repeatedly alleges that LVMPD acted "without a warrant" when seizing the property at issue and arresting the driver.  In her reply, Plaintiff indicates that she only used the term "conversion" in her Complaint to describe the wrongful taking of property.  ECF No. 22 at 3. She then invokes the Fourth Amendment protections against unlawful searches and seizures, as well as the Fifth Amendment's "takings clause," which prohibits governments from taking private property for public use.  *Id*.  Liberally construed, the Court interprets Plaintiff's claims as ones alleging the deprivation of constitutional rights under the color of state law under 42 U.S.C. § 1983.

Plaintiff does not have standing to bring a Fourth Amendment Claim.  She acknowledges that she is not the owner of the vehicle, nor was she the one arrested when the vehicle was seized. Instead, she claims that the driver and TNU Ministries Trust have "appointed" her to pursue these claims, and that she therefore has an "assignment interest" in the private party seized.  She claims that pursuant to that assignment interest, she qualifies as a real party in interest under Federal Rule of Civil Procedure 17(a).

"It is well established that the privilege to represent oneself pro se provided by [statute] is personal to the litigant and does not extend to other parties or entities."  *Simon v. Hartford Life*, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir.

1966)).  "Consequently, in an action brought by a pro se litigant, the real party in interest must be the person who 'by substantive law has the right to be enforced.'"  *Id*. (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696. 697 (9th Cir. 1987)).

The Fourth Amendment right to be free from unreasonable searches and seizures is a "personal right" that cannot be assigned.  *See Rakas v. Illinois*, 439 U.S. 128, 133-134 (1978) ("Fourth Amendment rights are personal rights which . . . may not be vicariously asserted); *Farias v. Lewis*, 247 F. App'x 894 (9th Cir. 2007) (unpublished) ("Because constitutional rights are personal in nature, [the plaintiff] lacks standing to allege the deprivation of his wife's constitutional rights.") (citing *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997)).  Because Plaintiff was not the owner of the vehicle at the time it was seized and was not the person arrested, she cannot pursue any Fourth Amendment claim arising from the seizure of the vehicle or the arrest of the driver.

Further, the Fifth Amendment's takings clause, which forbids the taking of private property for public use without just compensation, does not apply to the circumstances here.  The takings clause applies only when a government seizes property as part of their eminent domain powers.  *Bennis v. Michigan*, 516 U.S. 442, 452-53 (1996) (the takings clause is not triggered when property has been seized "under the exercise of governmental authority *other than the powers of eminent domain*") (emphasis added).  When the government seizes property in the exercise of its police powers, the takings clause is not applicable.  *See Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1330 (Fed. Cir. 2006).  Further, the takings clause only "requires compensation *in the event of otherwise proper interference amounting to a taking*."  *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 543 (2005) (emphasis in original).  "The unlawful seizure of property therefore does not constitute 'public use.'"  *Mateos-Sandoval v. County of Sonoma*, 942 F. Supp. 2d 890, 912 (N.D. Cal. 2013).  Plaintiff's allegation that she was deprived of "just compensation" as a result of LVMPD's unlawful seizure of property therefore cannot support a claim under the takings clause.  In short, Plaintiff does not state a valid constitutional claim against the LVMPD or its officers, so granting leave to amend would be futile.[3]

---

[3]    To the extent Plaintiff intends to bring constitutional claims against Ewing Bros. as well as the LVMPD defendants, those claims would fail for the same reasons discussed above.

4

**B.    The Court lacks subject matter jurisdiction over the rest of Plaintiff's claims.**

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted).  Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a).  "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Federal courts have the jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004).  A court may raise the question of subject-matter jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject-matter jurisdiction.  *Id.*; Fed. R. Civ. P. 12(h)(3).  As the party seeking to invoke the court's jurisdiction, Plaintiff bears the burden of establishing jurisdiction exists.  *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

As explained above, Plaintiff cannot bring the federal claims she alludes to in her proposed Amended Complaint and Reply.  Therefore, she must show that diversity jurisdiction exists over her claims.  Plaintiff asserts that all of the Defendants named in her proposed Amended Complaint are Nevada residents. ECF No. 17-1 at 1.  Plaintiff provided a Nevada address to the Court when filing her Complaint and does not contend that she is a citizen of a state other than Nevada.[4]  Plaintiff's

---

[4]    In her Reply supporting leave to amend, Plaintiff states that ":Tribal-Chiefess: : Great-Nature: is not in receipt of "Tribal-Chiefess: :Great-Nature: residing in Nevada." ECF No. 22 at 2 (punctuation in original).  The Court does not know what that means.  Plaintiff does not assert any other residence in response to Defendant's jurisdictional argument.

proposed Amended Complaint does not establish that complete diversity exists.[5]  Therefore, because Plaintiff's proposed Amended Complaint does not sufficiently demonstrate that this Court has jurisdiction over her claims, the amendment she seeks would be futile.

**III.    RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 17) be DENIED.

Dated this 26th day of July, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

[5]    The Court also notes that Plaintiff's request for one million dollars per defendant in damages far exceeds the bounds of reasonable damages in a case like this.  Under Nevada law, damages for conversion include the full compensation for actual losses, as well as the value of any lost business as a result of the conversion.  *See J & J Sports Productions, Inc. v. Mac's Bar and Grille, LLC*, 2014 WL 950840, at *2 (Mar. 11, 2014) (citing *Winchell v. Schiff*, 193 P.3d 946, 950-51 (Nev. 2008)).  The purchase price of the vehicle, as stated in the title and registration attached to Plaintiff's original complaint, was $35,900.00. ECF No. 1 at 5.  Plaintiff expressly states that the vehicle was not used for business purposes, as it was "noncommercial, not-for-hire, private personal property" used to pick up mail from the U.S. Postal Service.  ECF No. 17-1 at 4; ECF No. 24 at 1.  And Plaintiff does not allege any malice, fraud, or oppression that could support a further award of punitive damages.  *Sprouse v. Wentz*, 781 P.2d 1136, 1140 (Nev. 1989) (finding punitive damages unwarranted where Plaintiff made no claim of fraud, malice, or oppression).  The Court finds it unlikely that Plaintiff meets the amount-in-controversy requirement for diversity jurisdiction.