UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tribal Chiefess Great Nature, <br><br> Plaintiff <br><br> v. <br><br> Ewing Bros., Inc., <br><br> Defendant | Case No.: 2:20-cv-02064-JAD-EJY <br><br> **Order Granting Motion to Dismiss; Overruling Objection and Adopting Report and Recommendation; Denying Motion for Leave to File an Amended Complaint; Denying as Moot Motions for Summary Judgment** <br><br> [ECF Nos. 14, 17, 25, 27, 31, 38] |

Pro se plaintiff Tribal Chiefess Great Nature sues Ewing Bros., Inc., a towing company, for common-law conversion, alleging that her tribe's truck was unlawfully impounded without her consent. Ewing moved to dismiss the complaint for want of Article III standing, failure to state a claim, and failure to join a necessary party, but Great Nature did not respond. Instead, she moved for leave to file an amended complaint that asserts additional causes of action against additional defendants and reaffirms her standing to sue. The magistrate judge recommends that I deny Great Nature's motion because she lacks standing to bring the new claims and because this court lacks subject-matter jurisdiction over the one existing claim. Great Nature objects, contending that she didn't consent to a magistrate judge's involvement in her case and that she needn't prove the existence of subject-matter jurisdiction. I overrule the objection; adopt the magistrate judge's report and recommendation (R&R) in full; and grant Ewing's motion to dismiss because Great Nature failed to respond to it, she lacks standing over the proposed federal claims, and this court lacks jurisdiction. And because I dismiss and close this case, I deny as moot the parties' cross-motions for summary judgment.

**Discussion**

**I.     Ewing's motion to dismiss Great Nature's original complaint [ECF No. 14]**

Ewing moved to dismiss Great Nature's original complaint on April 19, 2021, contending that she lacked standing to sue for conversion of a car she did not own, failed to state a claim for conversion when the car was lawfully impounded, and failed to join necessary parties—the police officers who directed the towing.[1] Great Nature's response to that motion was due by May 3, 2021, but she did not submit one. On May 4, 2021, she instead filed a motion for leave to amend her complaint, adding claims against those allegedly necessary parties and reaffirming her standing to sue.[2] This district's local rules deem the "failure of an opposing party to file points and authorities in response to" a motion to dismiss "consent to the granting of the motion."[3] Great Nature's failure to respond to the motion is reason enough to dismiss her case, so I grant the motion.[4] But even if she had timely responded, I would have dismissed this case because this court lacks subject-matter jurisdiction.[5]

---

[1] ECF No. 14.

[2] ECF No. 17.

[3] L.R. 7-2(d).

[4] After Ewing submitted a reply brief on May 10, 2021, noting that Great Nature had failed to respond to the motion to dismiss, Great Nature submitted a May 13, 2021, filing captioned "mandatory judicial notice," contending that she had timely objected to the motion to dismiss. ECF No. 19; ECF No. 20 at 1. That filing includes as an exhibit a May 3, 2021, letter Great Nature mailed to Ewing's counsel giving notice of her soon-to-be-filed motion for leave to file an amended complaint. ECF No. 20 at 9. In the letter, she does not object to Ewing's motion in any meaningful way, only questioning whether its counsel was actually its attorney and contesting the incorrect capitalization and punctuation of her name in the defendant's motion. *Id.* Even if that letter could be considered a response to Ewing's motion to dismiss, it was not "file[d]" with the court, as the local rules mandate. *See* L.R. 7-2(d).

[5] Because I dismiss this case on two independent grounds, I need not and do not consider Ewing's additional arguments for dismissal: Great Nature's alleged lack of standing, failure to state a claim, and failure to join necessary parties.

A. **Subject-matter-jurisdiction and standing standards**

Federal Rule of Civil Procedure (FRCP) 12(b)(1) authorizes federal courts to dismiss a complaint for want of subject-matter jurisdiction.[6] An FRCP 12(b)(1) challenge may be either factual (contesting the truth of the complaint's allegations) or facial (contesting the sufficiency of the complaint's allegations to invoke federal jurisdiction).[7] In resolving a facial attack, the court takes all well-pled facts in the complaint as true.[8]

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute."[9] The party asserting federal jurisdiction has the burden of establishing all its requirements, including subject-matter jurisdiction and Article III standing.[10] If the parties' dispute does not arise under federal law, the action must meet the requirements of diversity jurisdiction: (1) the plaintiff and defendant must be citizens of different states and (2) the amount in controversy must exceed $75,000.[11] And the "irreducible constitutional minimum" of Article III standing requires that the plaintiff show (i) "an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."[12]

---

[6] Fed. R. Civ. P. 12(b)(1).

[7] *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[8] *Safe Air*, 373 F.3d at 1039.

[9] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up).

[10] *Id.*; *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated in part on other grounds in Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014).

[11] 28 U.S.C. § 1332.

[12] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).

"A court's subject-matter jurisdiction can never be waived or forfeited, objections to the court's jurisdiction may be resurrected at any point in the litigation, and courts are obligated to consider *sua sponte* requirements that go to subject-matter jurisdiction."[13]  While a party is not necessarily "entitled to notice and an opportunity to respond when a court contemplates" *sua sponte* dismissal for want of subject-matter jurisdiction, a court's power to dismiss under such circumstances is not "unlimited."[14]  The Ninth Circuit has instructed district courts to consider "all of the circumstances" in "determining whether the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing renders the dismissal void."[15]

### B. This court lacks subject-matter jurisdiction.

I did not provide the parties notice that I would consider dismissing Great Nature's case for lack of subject-matter jurisdiction.  But the parties fully briefed the magistrate judge's R&R, which explicitly contemplated dismissal on jurisdictional grounds.  So any additional briefing on this issue would have been duplicative and unnecessary.  Great Nature thus cannot claim to have been surprised or unfairly prejudiced because of my *sua sponte* dismissal.[16]

Great Nature's complaint broadly alleges that "[t]his court has jurisdiction" because Las Vegas Metropolitan Police Department (Metro) officers "illegally" seized her tribe's truck and she has been "appointed to recover tribal private property" as the tribe's trustee.[17]  But the sole

---

[13] *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1035–36 (9th Cir. 2013) (cleaned up); *see also* Fed. R. Civ. P. 12(h)(3).

[14] *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (cleaned up) (holding that district courts may *sua sponte* dismiss for want of subject-matter jurisdiction after considering the totality of the circumstances, including whether the parties would be prejudiced).

[15] *Id.* (cleaned up).

[16] *See id.*

[17] ECF No. 1 at 1–2.

cause of action she brings, state-common-law conversion, can only be brought in federal court if the statutory and constitutional requirements of diversity jurisdiction are met.[18] For this court to have jurisdiction over such a state-law cause of action, the parties must be completely diverse—citizens of different states—and the case must have an amount in controversy in excess of $75,000.[19]

Neither element is met here. Ewing is a citizen of Nevada.[20] And although Great Nature asserts that she's the appointed trustee of an alleged "Indian Tribal Government,"[21] she has not pled facts indicating whether she's a citizen of that tribe, where the tribe is located, or whether that tribe is federally recognized. Even if she were a citizen of the tribe, the party-diversity requirement wouldn't be met because a member of an American Indian tribe is treated like any other citizen for jurisdictional purposes; so she is a citizen of the state in which she resides or her tribe's reservation is located.[22] Great Nature has not pled that she is a resident of any state other than Nevada—indeed, her mailing address is in Nevada.[23]

Even if Great Nature resides in a state other than Nevada, she cannot establish diversity jurisdiction because this case does not meet the amount-in-controversy requirement. Although Great Nature fantastically claims that her damages exceed one million dollars, common-law

---

[18] *See* U.S. Const. art. III § 2; 28 U.S.C. § 1332.

[19] 28 U.S.C. § 1332.

[20] ECF No. 14 at 19.

[21] ECF No. 1 at ¶¶ 1, 5.

[22] In her objection to the R&R, Great Nature provides that the "Tribal Nations United Ministries" is in Dallas, Texas. ECF No. 27 at ¶ 57. But she has not pled whether her tribe has a reservation.

[23] ECF No. 1 at 1. Great Nature does not add additional facts going to her citizenship in her proposed amended complaint. ECF No. 17. In her objection to the R&R, she argues that she "does not reside in Nevada," ECF No. 27 at ¶ 53, but asserts no alternative citizenship and once again provides her Nevada mailing address. *Id.* at 7.

5

conversion damages in Nevada are the sum of "the full value of the property at the time of conversion"; lost-business value; and if fraud, malice, or oppression are alleged, punitive damages.[24] Great Nature alleges that her tribe's 2017 GMC Sierra was non-commercial, not-for-hire, private personal property, so there was no lost-business value.[25] She does not seek punitive damages and has not alleged any fraud, malice, or oppression. Therefore, the only measure of damages available is the value of the truck at the time of conversion. The truck's title and registration, which Great Nature attached to her complaint, indicates that the purchase price of the truck was $35,900, which is far below the statutory minimum amount in controversy.[26] Great Nature thus cannot show that this court has subject-matter jurisdiction, so I dismiss her case without prejudice to her ability to seek relief in state court.

## II. The magistrate judge's R&R [ECF No. 25]

In response to Ewing's motion to dismiss, Great Nature moved for leave to file an amended complaint.[27] In her proposed amended complaint, she raises "conversion" claims against another towing company, three Metro officers, Metro itself, the City of Las Vegas, and the State of Nevada.[28] But because she repeatedly invokes protections provided by the Fourth and Fifth Amendments, the magistrate judge liberally construed the claims as "ones alleging the deprivation of constitutional rights under the color of state law under 42 U.S.C. § 1983."[29] The

---

[24] *Winchell v. Schiff*, 193 P.3d 946, 950–51 (Nev. 2008); *Sprouse v. Wentz*, 781 P.2d 1136, 1140 (Nev. 1989); *Bader v. Cerri*, 609 P.2d 314, 317 (Nev. 1980), *overruled on other grounds by Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043 (Nev. 2000).

[25] ECF No. 1 at ¶¶ 2, 5.

[26] *Id.* at 5; *see* 28 U.S.C. § 1332.

[27] ECF No. 17.

[28] ECF No. 17-1.

[29] ECF No. 25 at 3.

6

magistrate judge recommends that I deny her leave to amend because Great Nature does not have standing to bring the federal claims she purports to bring and because this court lacks subject-matter jurisdiction over the remaining state-law claims.[30]  Great Nature offers three objections to the R&R: (1) she did not consent to a magistrate judge presiding over her case, (2) the magistrate judge is biased against her, (3) this court has diversity jurisdiction.[31]

Although Great Nature is correct that she did not "consent to proceed before a" magistrate judge,[32] no such consent is required for a magistrate judge to issue a report and recommendation about a pretrial matter.  This district's local rules grant magistrate judges that authority.[33]  As to her second objection—in which she discusses numerous tangential issues, such as evidentiary presumptions, genuine disputes of material fact, and the Sixth Amendment—Great Nature provides no facts or evidence that would support her accusation of bias, seemingly only relying on the fact that the magistrate judge's recommendation is adverse to her.[34]  But the Ninth Circuit has expressly held that an adverse ruling is not sufficient evidence of bias.[35]  And as discussed *supra*,[36] Great Nature's third objection too fails.  This court lacks subject-matter jurisdiction over her state-law claims because she has not established complete diversity and cannot meet the statutory minimum amount in controversy.[37]  So I overrule all three of her

---

[30] *See generally id.*

[31] ECF No. 27.

[32] *Id*. at 1.

[33] *See* L.R. IB 1-3–1-4; *see also* 28 U.S.C. § 636.

[34] ECF No. 27 at ¶¶ 31–39.

[35] *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (holding that "a judge's prior adverse ruling is not sufficient" to establish bias).

[36] *See supra* Section I(B).

[37] Mistakenly citing to Article III, Great Nature appears to rely on the Seventh Amendment to assert that this court has jurisdiction over all suits involving a controversy that exceeds $20.

7

objections. And as to Great Nature's newly asserted federal claims, she failed to object to the magistrate judge's finding that she lacks standing to assert them,[38] which I find meritorious, so I adopt the R&R in full and deny her motion for leave to file an amended complaint.

### Conclusion

IT IS THEREFORE ORDERED that defendant Ewing Bros., Inc.'s motion to dismiss **[ECF No. 14] is GRANTED**. This case is **DISMISSED without prejudice** to plaintiff Tribal Chiefess Great Nature's ability to file an appropriate action in state court.

IT IS FURTHER ORDERED that Great Nature's objection to the magistrate judge's Report and Recommendation **[ECF No. 27] is OVERRULED** and the Report and Recommendation **[ECF No. 25] is ADOPTED in full**. Great Nature's motion for leave to file an amended complaint **[ECF No. 17] is DENIED**.

IT IS FURTHER ORDERED that Great Nature's motion for summary judgment **[ECF No. 31]** and Ewing's motion for summary judgment **[ECF No. 38] are DENIED as moot**.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to **CLOSE THIS CASE**.

                                                    _____
                                                    U.S. District Judge Jennifer A. Dorsey
                                                              February 25, 2022

---

[37] ECF No. 27 at ¶¶ 43, 45. But the Seventh Amendment preserves the right to a jury trial; it does not confer on this court subject-matter jurisdiction. *Compare* U.S. Const. art. III § 2, *with* U.S. Const. amend. VII.

[38] *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (holding that the Federal Magistrates Act does not require a district-court judge to review a magistrate judge's report when no objections are filed).